Approved: _____
MAX NICHOLAS
Assistant United States Attorney

ORIGINAL

**14 MAG 1528**

Before: HONORABLE KEVIN N. FOX
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :    COMPLAINT
                                   :
        - v. -                     :    Violation of
                                   :    18 U.S.C. §§ 1028A,
MARINA BROWNE,                     :    1029(b)(2)
JONATHAN WILLIAMS, and             :
KEITH FRAZIER,                     :    COUNTY OF OFFENSE:
                                   :    New York
        Defendants.                :
                                   :
- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

DAN COZZI, being duly sworn, deposes and says that he is a Special Agent with the United States Secret Service ("USSS") and charges as follows:

COUNT ONE
(Conspiracy to Commit Access Device Fraud)

1. From at least on or about June 30, 2014, through on or about July 11, 2014, in the Southern District of New York and elsewhere, MARINA BROWNE, JONATHAN WILLIAMS, and KEITH FRAZIER, the defendants, and others known and unknown, knowingly did combine, conspire, confederate, and agree, together and with each other, to violate Title 18, United States Code, Section 1029(a)(5).

2. It was a part and an object of the conspiracy that MARINA BROWNE, JONATHAN WILLIAMS, and KEITH FRAZIER, the defendants, and others known and unknown, knowingly, and with intent to defraud, and affecting interstate and foreign commerce, would and did effect transactions, with one or more access devices issued to other persons, to receive payment and

other things of value during a one-year period, the aggregate value of which exceeded $1,000.

## Overt Acts

4. In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about June 30, 2014, a co-conspirator not named as a defendant herein ("CC-1") and a second co-conspirator not named as a defendant herein ("CC-2"), using a computer at a single IP address in the Bronx, New York, purchased reservations and on-board credits for a cruise on a Norwegian Cruise Line ship, the "Gem," using a credit card number issued to another person.

    b. On or about July 2, 2014, MARINA BROWNE, JOHN WILLIAMS, and a third co-conspirator not named as a defendant herein ("CC-3"), using a computer at a single IP address in Brooklyn, New York, purchased tickets and on-board credits for a cruise on a Norwegian Cruise Line ship, the "Breakaway," using credit card numbers issued to other persons.

    c. On or about July 5, 2014, KEITH FRAZIER, CC-1 and CC-2 boarded the Gem at or about Pier 88 in Manhattan, New York, and embarked on a cruise, having paid for their cruise reservations and on-board credits using a credit card number issued to another person.

    d. On or about July 6, 2014, MARINA BROWNE, JONATHAN WILLIAMS, and CC-3 boarded the Breakaway at or about Pier 88 in Manhattan, New York, and embarked on a cruise, having paid for their cruise reservations and on-board credits using credit card numbers issued to other persons.

(Title 18, United States Code, Section 1029(b)(2).)

## COUNT TWO
(Aggravated Identity Theft)

5. From at least on or about June 30, 2014, through on or about July 11, 2014, in the Southern District of New York and elsewhere, MARINA BROWNE, JONATHAN WILLIAMS, and KEITH FRAZIER, the defendants, and others known and unknown, knowingly did transfer, possess, and use, without lawful authority, a means of

identification of another person, during and in relation to the felony violation charged in Count One of this Complaint; to wit, the defendants used credit card numbers issued to other persons to fraudulently obtain and use reservations and on-board credits for luxury cruises aboard two Norwegian Cruise Line cruise ships.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b)(2), and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

6. I am a Special Agent with the United States Secret Service, and a member of the Electronic Crimes Task Force. I have been a Special Agent with the Secret Service for approximately three years. I am personally involved in the investigation of this matter. This affidavit is based upon my conversations with other law-enforcement officers and agents and my examination of reports and records maintained by Norwegian Cruise Line and law enforcement. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

7. Based on my training and experience, and my conversations with other law enforcement officers, I know that Norwegian Cruise Line is a company that operates luxury cruise ships.

8. Through my conversations with other law enforcement officers, I have learned that one of Norwegian Cruise Line's cruise ships, the Gem, departed from Pier 88 in Manhattan, New York on July 5, 2014 and is due back at Pier 88 on July 12, 2014. I further learned that another of Norwegian Cruise Line's cruise ships, the Breakaway, departed from Pier 88 on July 6, 2014 and is due to return to Pier 88 on July 13, 2014.

9. Based on my training and experience, and my conversations with other law enforcement officers, I know that reservations for passage aboard the Gem and the Breakaway can be purchased over the internet in advance of the cruise, through the use of a credit card. I also know that on-board credits can be purchased in advance of the cruise, also over the internet

3

and through the use of a credit card. On-board credits can be used aboard the Gem and the Breakaway to purchase amenities such as food, drink, gambling, and spa treatment. Unused on-board credits can be exchanged for cash at any point during the cruise.

10. Through conversations with other law enforcement officers, and through a review of records created and maintained by Norwegian Cruise Line, I have learned that KEITH FRAZIER, CC-1 and CC-2 are currently passengers on the Gem, having boarded the Gem on July 5, 2014 at Pier 88. Based on those conversations and my review of records, I learned the following additional information relating to KEITH FRAZIER, CC-1 and CC-2:

    i. KEITH FRAZIER's, CC-1's, and CC-2's expenses for the current cruise aboard the Gem were all charged to the same Visa credit card (the "Visa Card").

    ii. Over $10,400 in on-board credits were purchased in CC-1's name using the Visa Card. Reservations for the cruise were also purchased in CC-1's name using the Visa Card.

    iii. Over $8,500 in on-board credits were purchased in CC-2's name using the Visa Card. Reservations for the cruise were also purchased in CC-2's name using the Visa Card.

    iv. Over $20,300 in on-board credits were purchased in KEITH FRAZIER's name using the Visa Card. Reservations for the cruise were also purchased in KEITH FRAZIER's name.

    v. KEITH FRAZIER has traveled aboard the Gem on two other cruises since March 7, 2014. KEITH FRAZIER has charged his expenses associated with each of his three cruises aboard the Gem to different credit card numbers.

    vi. On a date between June 30, 2014, when the reservations and on-board credits for KEITH FRAZIER, CC-1, and CC-2 were purchased, and July 9, 2014, the account for the Visa Card was shut down due to fraudulent activity associated with the purchases of the reservations and on-board credits for the current cruise aboard the Gem.

    vii. Neither KEITH FRAZIER, nor CC-1, nor CC-2, nor any other person mentioned herein is the cardholder for the Visa Card. The Visa Card is issued to Victim-1. Victim-1 is not a passenger on the cruise aboard the Gem for which Victim-1's Visa

4

Card was used to buy tickets and on-board credits totaling over $39,000.

11. Through conversations with other law enforcement officers, and through a review of records created and maintained by Norwegian Cruise Line, I have learned that MARINA BROWNE, JONATHAN WILLIAMS, and CC-3 are currently passengers on the Breakaway, having boarded the Breakaway on July 6, 2014 at Pier 88. Based on those conversations and my review of records, I learned the following additional information relating to MARINA BROWNE, JONATHAN WILLIAMS, and CC-3:

   i. MARINA BROWNE's expenses for the current cruise aboard the Breakaway were charged to two credit cards. On-board credits were purchased in her name with an American Express credit card (the "American Express Card") and reservations were purchased in her name with a MasterCard credit card (the "MasterCard") as well as the American Express Card. Over $14,600 in on-board credits were purchased in MARINA BROWNE's name using the American Express Card.

   ii. MARINA BROWNE also traveled on a cruise aboard another Norwegian Cruise Line cruise ship, the "Getaway," which cruise began on or about May 24, 2014; her expenses associated with that cruise were charged to a different credit card.

   iii. According to a law enforcement database to which the United States Secret Service has access, MARINA BROWNE has the same last known address as CC-1.

   iv. JONATHAN WILLIAMS' expenses for the current cruise aboard the Breakaway were charged to the American Express Card and the MasterCard in the same manner as MARINA BROWNE's expenses, i.e., his on-board credits were charged to the American Express Card and his reservations were charged in part to the MasterCard and in part to the American Express Card. JONATHAN WILLIAMS and MARINA BROWNE are listed on the same reservations. Over $19,000 in on-board credits were purchased in JONATHAN WILLIAMS' name using the American Express Card.

   v. JONATHAN WILLIAMS has taken two additional Norwegian Cruise Line cruises since March 7, 2014, one aboard the Gem and one aboard the Breakaway. JONATHAN WILLIAMS' expenses for each of his three cruises since March 7, 2014 have been charged to different credit cards.

5

vi. CC-3's expenses for the current cruise aboard the Breakaway were charged to three credit cards: the Visa Card that was used by KEITH FRAZIER, CC-1, and CC-2, the American Express Card, and the MasterCard. His on-board credits and other amenities were charged to the American Express Card and the MasterCard, and his reservations were charged in part to the Visa Card, in part to the American Express Card, and in part to the MasterCard. Approximately $12,000 in on-board credits were purchased in CC-3's name using the American Express Card.

vii. On a date between June 30, 2014, when the reservations and on-board credits for MARINA BROWNE, JONATHAN WILLIAMS, and CC-3 were purchased, and July 9, 2014, the account for the MasterCard was shut down due to fraudulent activity associated with the purchases of the reservations and on-board credits for the current cruise aboard the Breakaway.

viii. Neither MARINA BROWNE, nor JONATHAN WILLIAMS, nor CC-3, nor any other person mentioned herein is the cardholder for the MasterCard. The MasterCard is issued to Victim-2. Victim-2 is not a passenger on the cruise aboard the Breakaway for which Victim-2's MasterCard was used to buy tickets and amenities totaling approximately $5,000.

ix. On or about July 11, 2014, an investigator for Citibank interviewed Victim-2. Victim-2 informed the investigator that Victim-2 did not make, and was not at the time of purchase aware of, any of the purchases on Victim-2's MasterCard related to the current cruise aboard the Breakaway.

x. Neither MARINA BROWNE, nor JONATHAN WILLIAMS, nor CC-3, nor any other person mentioned herein is the cardholder for the American Express Card. The American Express Card is issued to Victim-3. Victim-3 is not a passenger on the cruise aboard the Breakaway for which Victim-3's American Express Card was used to buy on-board credits totaling over $43,000.

xi. On or about July 10, 2014, an investigator for American Express interviewed Victim-3. Victim-3 informed the investigator that Victim-3 did not make, and was not aware of, any of the purchases on Victim-3's American Express Card related to the current cruise aboard the Breakaway.

xii. On or about July 10, 2014, the account for the American Express Card was shut down due to fraudulent activity associated with the purchases relating to the current cruise aboard the Breakaway.

19. Based on my conversations with other law enforcement officers, and my review of records maintained by Norwegian Cruise Line personnel, I have learned that the reservations and on-board credits for MARINA BROWNE and JOHN WILLIAMS were purchased over the internet from an IP address in Brooklyn, New York, and that the reservations and on-board credits for CC-1 and CC-2 were purchased over the internet from an IP address in the Bronx, New York.

20. Based on my conversations with other law enforcement officers, I have learned that the Gem is returning to Pier 88 in Manhattan, from which it initially departed, on July 12, 2014, and that the Breakaway is returning to Pier 88 in Manhattan, from which it initially departed, on July 13, 2014.

21. WHEREFORE, I respectfully request that arrest warrants be issued for MARINA BROWNE, JONATHAN WILLIAMS, and KEITH FRAZIER, the defendants, and that they be arrested and imprisoned or bailed, as the case may be.

DAN COZZI
Special Agent
United States Secret Service

Sworn to before me this
11th day of July 2014

KEVIN N. FOX
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

7